UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MARY ELIZABETH SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:17-cv-00503-JMH |
| | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| EMHFL, INC. d/b/a LANCASTER | ) | |
| DIAGNOSTIC CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the Court upon Defendant EMHFL, Inc.'s Partial Motion to Dismiss Plaintiff's claims [DE 8]. Plaintiff has filed a Response [DE 11], and Defendant has filed a Reply [DE 12] in further support of its Motion. For the reasons which follow, Defendant's Partial Motion to Dismiss will be granted.

I.

Plaintiff Mary Elizabeth Sharp avers that she was employed by Defendant, EMHFL, Inc. d/b/a Lancaster Diagnostic Center ("EMHFL"), from 2002 until her employment was terminated by the defendant on July 31, 2017, following a complaint regarding patient treatment at Defendant's Lancaster Diagnostic Center facility. While it is not entirely clear what the relationship between the various entities is, she also avers that she had previously worked

at the Ephraim McDowell Diagnostic Center from 2005 to 2014 and moved to the Lancaster Diagnostic Center in 2014.

Plaintiff, a homosexual woman, avers that, in fact, her termination was the result of sex discrimination because of her sexual orientation and that similarly situated men, heterosexuals, and those who have not engaged in protected activity did not have their employment terminated under similar circumstances. She further avers that she was retaliated against for filing a charge of discrimination with the EEOC and then bringing a claim in this Court against Ephraim McDowell Regional Medical Center, Inc. ("EMRMC") in 2007 averring gender discrimination based on pay and failure to promote under the Equal Pay Act ("EPA"), Title VII, and KCRA and various retaliation theories. *See* Civil Case No. 5:07-CV-0362-JMH. Sharp voluntarily dismissed her claims of gender-based failure to promote and retaliation, and the Court granted summary judgment in favor of EMRMC on Sharp's remaining gender-based pay discrimination claim on February 24, 2010, because Sharp "failed to produce evidence creating a triable issue of fact that the [nondiscriminatory] reasons proffered by the Defendant are pretextual."

## II.

As an initial matter, Plaintiff cannot state a claim for discrimination on the basis of sex due to her sexual orientation

under Title VII on the facts before this Court as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(2) (stating that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")

42 U.S.C. § 2000e-2(a)(1) prohibits "discriminat[ion]… because of … sex...." While the Supreme Court has recognized that this includes claims based on sex stereotyping and same-sex sexual harassment, *see Price Waterhouse v. Hopkins*, 490 U.S. 228, 251-52 (1989); *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 80-81 (1998), the United States Court of Appeals for the Sixth Circuit has held, however, that the mere fact of that a plaintiff has a particular sexual orientation cannot be used to claim discrimination on the basis of "sex" entitled to Title VII protection and does not recognize discrimination claims based on perceived sexual orientation of a plaintiff as discrimination based on sex, generally. *Vickers v. Fairfield Med. Ctr.*, 453 F. 3d 757, 764 (6th Cir. 2006) (distinguishing claims based on perceived sexuality from failure to conform to gender stereotypes and declining to extend *Oncale*). While courts in other circuits

3

have held that discrimination on account of sexual orientation is sex discrimination under Title VII, *see Hively v. Ivy Tech. Comm. Col.*, 853 F.3d 339, 340-41 (7th Cir. 2017) (en banc) ("discrimination on the basis of sexual orientation is a form of sex discrimination"); *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 108 (2d Cir. 2018) (en banc), *petition for cert. filed*, (U.S. May 29, 2018) (No. 17-1623) ("Title VII prohibits discrimination on the basis of sexual orientation as discrimination 'because of …sex'"), this Court is bound by the Sixth Circuit's decision in *Vickers*. *See, e.g., Grimsley v. Am. Showa, Inc.*, Case No. 3:17-cv-24, 2017 WL 3605440, at *4 (S.D. Ohio Aug. 21, 2017) (citing *Tumminello v. Father Ryan High School, Inc.*, 678 App'x 281, 285 n.1 (6th Cir. 2017)) ("Vickers remains controlling law until overruled by the Sixth Circuit sitting *en banc*, or until the United States Supreme Court issues a contrary ruling.").[1]

## III.

Finally, Plaintiff has failed to establish "sufficient factual matter, accepted as true, to 'state a claim to relief [for

---

[1] Twelve years have passed since the *Vickers* decision and with them many assumptions and understandings about sexual orientation. Given the development of jurisprudence by other circuits that encompasses sexual orientation discrimination within the definition of sex discrimination for the purposes of Title VII, the Court of Appeals for the Sixth Circuit may need to consider this issue and its rationale for its previous decision anew. Notably, the *Vickers* court relied on *Dawson v. Brumble & Brumble*, 398 F.3d 211 (2d Cir. 2005) extensively in its decision. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 763-64 (6th Cir. 2006). The United States Court of Appeals for the Second Circuit explicitly overruled *Dawson* in *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 108 (2d Cir. 2018).

retaliation under Title VII or the KCRA] that is plausible on its face.'" *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678). While a Plaintiff need not establish a prima facie case of discrimination to survive a motion to dismiss, but a plaintiff must "'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678) (construed in context of Title VII); *Kentucky Comm'n on Human Rights v. Commonwealth,* 586 S.W.2d 270, 271 (Ky. Ct. App. 1979) ("Kentucky courts often look to interpretation of the federal law for guidance in applying the Kentucky Civil Rights Act."). "'[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's factual averment in support of her retaliation claim is that she had made a prior discrimination claim against an entity that is somehow related to Defendant, at a different location, *many* years prior to the termination of her employment by the defendant in this matter. In order to establish a *prima facie* case of retaliation, Sharp must establish: "(1) she engaged in activity protected by Title VII [or KCRA]; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff . . .; and

5

(4) there was a causal connection between the protected activity and the adverse employment action." *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000). The Court is not convinced that plaintiff's factual allegations meet the plausibility standard required by *Twombly* and *Iqbal* and fail to provide sufficient information to put this Defendant on notice of a claim. Setting aside whether Defendant knew of the case against this other entity, the passage of 10 years suggests no causality without something more. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74; 121 S. Ct. 1508 (2001) (20 months between protected activity and adverse action "suggests, by itself, no causality at all"); *see also Nguyen v. City of Cleveland*, 229 F.3d 559, 566-67 (6th Cir. 2000) ("[P]revious cases that have permitted a prima facie case to be made on the proximity of time have all been short periods of time, usually less than six months"); *Cooper v. City of N. Olmsted*, 795 F.2d 1265, 1272 (6th Cir. 1986) (no causal connection where employment decision occurred 4 months after plaintiff filed an EEO Complaint). This claim shall be dismissed, as well.

Accordingly, **IT IS ORDERED:**

(1) that Defendant's Partial Motion to Dismiss Plaintiff's claims [DE 8] is **GRANTED;**

(2) that Defendant shall have fourteen (14) days from entry

of this Order to file its Answer to Plaintiff's remaining claims.

This the 28th day of September, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge